## DUNN et al. v. L. E. WATERMAN CO.
## SAME v. AIKIN–LAMBERT CO.

District Court, S. D. New York.
Nov. 24, 1937.

Edward Petigor, of New York City (Albert Lavenburg, of New York City, of counsel), for plaintiffs.

Gifford, Scull & Burgess, of New York City (George F. Scull, of New York City, of counsel), for defendants.

PATTERSON, District Judge.

The suits are for infringement of patent to Dunn, 1,359,880, granted November 23, 1920. The patent is for a fountain pen of the self-filling type. The Dunn patent shows a piston, bulb, or other means for

varying pressure within the barrel, and an air tube running nearly the length of the barrel, relatively small compared to the barrel, the lower end of the air tube being connected with the ink passage by an outlet. For the filling operation, the pen is dipped into ink and the bulb or other device for pressure is worked several times. On squeezing the bulb air is driven out. On releasing the bulb ink will be drawn in to replace the air. When the bulb is squeezed again, Dunn says that the rise in pressure will be felt on the air in the air tube, tending to discharge air through the outlet and ink passage, and that the rise in pressure on the surface of the ink in the reservoir will drive ink down the ink passage at sufficient velocity to draw out the contents of the air tube and outlet "by ejector action." Thus by a combination of pressure on the air in the air tube and by the "ejector action" of the escaping ink, some air is expelled on each compression, so that a succession of pumping operations will fill the reservoir with ink.

The defendants use practically the same structure as that shown in the Dunn patent. So the question is whether the Dunn patent is valid.

The patent to Taylor, 802,668, issued in 1905, covers a fountain pen of the self-filling type. The structure of the Taylor pen, as shown by figure 2 of his drawing, is essentially the same as that of the Dunn pen. There is a bulb or piston for varying pressure within the barrel; there is an air tube running lengthwise in the barrel and connected with the ink passage by an outlet. The filling operation is by alternately producing pressure and vacuum within the barrel. The Taylor patent is a complete anticipation of the Dunn patent, unless the plaintiffs can in some fashion not evident at first sight get rid of the Taylor patent or distinguish their patent from it.

There is an effort to get rid of it by the contention that the Taylor pen, while perhaps good enough for the filling operation, would not function as a fountain pen in the more important operation of writing. This contention is based on a sentence or two in Taylor's specification, to the effect that the outlet from the ink reservoir is of such size that the friction of the ink against its walls will resist the flow of ink on application of pressure, thus allowing the air to pass out through the air tube and ink passage "without expelling the ink in the lower part of the barrel." "In other words, the air is expelled before the pressure on the ink has overcome the frictional resistance offered by the port or opening 10." If the ink passage is so small as to keep back the ink when under pressure, the argument runs, it is too small to permit the ordinary flow of ink in the writing operation. But the specification read as a whole shows that Taylor's ink passage was not of so fine a bore as these sentences standing alone might indicate. Taylor adds: "I of course realize that a minute portion of ink will necessarily pass out with the air on each compression; but experience has shown that this is so small as to be negligible, the inflow always being many times greater than the outflow." Taylor also says that when the bulb is released the ink will flow up the ink passage into the reservoir, thus indicating plainly that the ink passage is to be large enough for ink to flow through it. There is evidence that pens made under the Taylor patent worked well for writing. I am of opinion that the plaintiffs' criticism of the Taylor patent as disclosing a pen that would not feed ink when used for writing is too captious and cannot be sustained.

The Dunn patent emphasizes "ejector action," and it is said that this feature distinguishes it from the Taylor patent. The testimony given and the demonstrations made by Ray, the defendants' expert, proved to my satisfaction that ejector action played no part in the filling operation of the Dunn pen or of the defendants' pens. The successful pumping is due to the small volume of ink in the air tube compared to the volume of ink in the reservoir. When pressure is applied, all the ink in the air tube is first expelled, along with a small portion of the ink in the reservoir; with the ink cleared from the air tube air from the reservoir escapes rapidly by way of the air tube and the lower ink passage, there being less frictional resistance to air than to ink; on release of pressure ink is drawn in to fill the space formerly taken up by the expelled air; and so on until the pen is filled with ink. The fact is that the pumping action of the Dunn pen is on the same principle as the pumping action of the Taylor pen, though neither Dunn nor Taylor described the principle correctly.

The pen of Dunn is essentially the same as that of Taylor. The Dunn patent is therefore invalid, and the bill in each case will be dismissed with costs.